IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-244-D

| | | |
|---|---|---|
| TERESA HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On December 21, 2011, Teresa A. Hooper ("Hooper"), proceeding in forma pauperis, sued Michael J. Astrue, Commissioner of Social Security ("Commissioner"), alleging that the Commissioner wrongfully denied Hooper's application for Social Security disability benefits and supplemental security income payments [D.E. 5]. Hooper asks the court to reverse the Commissioner's denial of benefits and remand the case for a new hearing. Id. On May 7, 2012, Hooper moved for judgment on the pleadings [D.E. 20]. On July 31, 2012, the Commissioner moved for judgment on the pleadings [D.E. 23]. As explained below, the court grants Hooper's motion for judgment on the pleadings, denies the Commissioner's motion, and remands the action for further proceedings consistent with this order.

I.

On January 6, 2009, Hooper applied for benefits. Tr. 128. In her application, Hooper stated that her disability began on December 5, 2008. Id. Her claim was denied initially on April 3, 2009, id. 53, and on reconsideration on July 29, 2009. Id. 59. Hooper requested a hearing before an Administrative Law Judge ("ALJ"), which took place on June 8, 2010. See id. 27–48.

At the hearing, Hooper testified that she had been disabled since December 2008, when she had surgery for breast cancer. See id. 33–34. In March 2009, Hooper had a double mastectomy and several additional surgeries in the following months to address complications from the mastectomy. See id. 35–36. Hooper testified that she did not believe she could work because of pain and that she struggled to complete household tasks. See id. 37, 41. She also described suffering from lymphedema, depression, and panic attacks. Id. 39–40. A vocational expert testified, based on hypothetical residual functional capacities ("RFC"), that Hooper could not perform her past relevant work. See id. 44. But the vocational expert testified that there were sedentary positions available in the national and North Carolina economies for someone with Hooper's characteristics. See id. 44–45.

In the ALJ's written decision, the ALJ performed the prescribed five-step process to evaluate disability claims. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Bowen v. Yuckert, 482 U.S.137, 146 n.5 (1987); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The ALJ determined that Hooper (1) had not engaged in substantial gainful activity since December 5, 2008, Tr. 15; (2) suffered from the severe impairments of status-post bilateral mastectomies and reconstruction, and major depression, id.; (3) did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in" the regulations, id.; (4) possessed "the [RFC] to perform sedentary work" with "no overhead lifting" and "limited to simple tasks," which precluded returning to her past relevant work as a certified nursing assistant, id. 17–19; and (5), based on her RFC, could perform other work that "exists in significant numbers in the national economy," id. 19–20. Accordingly, the ALJ denied Hooper's application. Id. 20. Hooper timely requested review by the Appeals Council. See id. 9. On October 12, 2011, the Appeals Council denied review. See id. 1–4. Hooper

timely sought judicial review. See 42 U.S.C. § 405(g).

II.

A district court reviewing the Commissioner's denial of benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003). The court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

Hooper alleges the ALJ erred by failing to consider her lymphedema as severe at step two of the disability analysis. Pl.'s Mem. [D.E. 20-1] 13. Lymphedema is a "swelling that generally occurs in one of your arms or legs." Lymphedema, Mayo Clinic, http://www.mayoclinic.com/health/lymphedema/DS00609 (last visited December 17, 2012). At step two, the ALJ must determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic

3

work activities." Id. The record described Hooper's lymphedema. For example, in her function report, Hooper repeatedly mentioned bodily swelling, particularly in her arms and legs, which is consistent with lymphedema. See Tr. 184–85. Hooper attached records from her treatment at Dosher Memorial Hospital in February 2009 for lymphedema. See Tr. 315–26. Medical records from the University of North Carolina Hospital in May 2010 reveal that Hooper continued to suffer from lymphedema. See Tr. 598. During the June 2010 hearing before the ALJ, Hooper testified that she suffered from lymphedema and that her left arm "stays swollen and hurts a lot, [and] go[es] dead a lot." Tr. 39. Hooper also described having difficulty lifting or moving objects. See id.

Lymphedema is an impairment that, by itself, can be classified as severe at step two. See, e.g., Nelson v. Astrue, C/A No. 1:09-1972-MBS, 2010 WL 4963814, at *9–10 (D.S.C. Nov. 9, 2010) (unpublished), adopted by 2010 WL 4963039 (D.S.C. Dec. 1, 2010) (unpublished); Hartline v. Astrue, 605 F. Supp. 2d 194, 197–98 (D.D.C. 2009). Despite the record evidence about Hooper's lymphedema, the ALJ made no explicit finding about the severity of her lymphedema at step two. See Tr. 15. The "ALJ's failure to provide an explanation of his handling of the [alleged] impairment at step two was error." Hair v. Astrue, No. 5:10-CV-309-D, 2011 WL 2681537, at *5 (E.D.N.C. June 16, 2011) (unpublished), adopted by 2011 WL 2693298 (E.D.N.C. July 11, 2011) (unpublished). As in Hair, there was sufficient medical evidence and testimony in the record to demonstrate that the ALJ needed to discuss Hooper's lymphedema at step two. See Hair, 2011 WL 2681537, at *5. Moreover, the ALJ's cursory mention of lymphedema at step four, see Tr. 17, 19, provides insufficient information for the court to determine whether the ALJ's disposition is supported by substantial evidence. See Hair, 2011 WL 2681537, at *5; Nelson, 2010 WL 4963814, at *10. Thus, the ALJ's step-two treatment of Hooper's lymphedema is not supported by substantial evidence. Accordingly, the court remands the case for further consideration of Hooper's

4

lymphedema. In doing so, the court expresses no opinion on how the ALJ should analyze Hooper's lymphedema.

The court briefly addresses Hooper's other arguments. Hooper contends that the ALJ erroneously found that she had at least a high school education. See Pl.'s Mem. 11. However, Dr. Reuben J. Silver, a state agency medical consultant, personally interviewed Hooper and noted in his report that Hooper "obtained her GED in 2008." Tr. 294; see also Tr. 494. The ALJ found that Hooper possessed "at least a high school education." Tr. 19. Thus, substantial evidence supports the ALJ's finding that Hooper has at least a high school education.

Hooper also argues that the ALJ failed to properly credit several additional, "severe" impairments at step two. See Pl.'s Mem. 12–13. To be severe, an impairment or combination of impairments must "significantly limit[] [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step two, the ALJ found that Hooper had two severe impairments—"status-post bilateral mastectomies and breast reconstruction and major depression." Tr. 15. Hooper argues that the ALJ should have found that her "hip fracture" was a severe impairment. Pl.'s Mem. 12–13. The record reveals that Hooper broke her pelvis in 2004. Tr. 293. But until 2008 Hooper continued her employment as a certified nursing assistant, which included a variety of physical tasks. See Tr. 232. Thus, substantial evidence supports the ALJ's finding that her 2004 pelvic fracture did not significantly limit her daily activities.

Hooper also faults the ALJ for failing to consider at step two her "history of lumpectomy and radiation treatment to her chest." Pl.'s Mem. 13. From 1993 to 2003, Hooper suffered from breast cancer on two occasions and received radiation therapy on those occasions. Tr. 348–49. But Hooper's disability claim arises from her third breast cancer surgery and resulting post-operative complications beginning in December 2008. No evidence suggests that Hooper's current disability

5

claim derives from her first or second breast cancer surgeries. Thus, substantial evidence supports the ALJ's decision to limit Hooper's severe impairment to her third surgery.

Hooper also alleges that the ALJ failed to give proper weight to her treatment for depression at step four when determining Hooper's RFC. Pl.'s Mem. 14. The ALJ concluded that Hooper's depression was "situational and responsive to medications and inconsistent with a level of severity that would preclude [Hooper] from sustaining any work activity." Tr. 18. The ALJ expressly relied on medical records that noted Hooper responded positively to treatment with Zoloft for her depression. See, e.g., Tr. 458, 461. Also, at the hearing, Hooper testified that Zoloft was "helping a lot." Tr. 41. Accordingly, substantial evidence supports the ALJ's analysis of Hooper's depression.

Hooper also sought remand of her disability claim for newly-discovered evidence pursuant to sentence six of 42 U.S.C. § 405(g). See Pl.'s Mem. 8. Hooper proffers three pieces of alleged newly-discovered evidence: her middle school records from 1977, [D.E. 20-2] 9–13; a neuropsychological report compiled in 2011, [D.E. 20-2] 14–24; and a medical questionnaire from 2011, [D.E. 20-2] 25–26. None of these pieces of evidence would have justified a remand by themselves. Cf. Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985), superseded by statute, 42 U.S.C. § 405(g); Davis v. Astrue, Civil Action No. 5:11-cv-408, 2012 WL 4018788, at *5 (S.D. W. Va. Sept. 12, 2012) (unpublished); Napier v. Astrue, No. 5:11-CV-390-D, 2012 WL 4321354, at *4 (E.D.N.C. Aug. 15, 2012) (unpublished), adopted by 2012 WL 4321335 (E.D.N.C. Sept. 20, 2012) (unpublished); Edwards v. Astrue, 525 F. Supp. 2d 710, 712–13 (E.D. Pa. 2007). However, because the court is remanding the case to consider Hooper's lymphedema, the ALJ may consider these three pieces of evidence on remand.

III.

In sum, the court GRANTS Hooper's motion for judgment on the pleadings [D.E. 20] and DENIES the Commissioner's motion for judgment on the pleadings [D.E. 23]. The case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED. This **20** day of December 2012.

JAMES C. DEVER III
Chief United States District Judge

7

Case 7:11-cv-00244-D   Document 25   Filed 12/20/12   Page 7 of 7